van to recover balance due for goods sold and delivered to defendants by plaintiff. From judgment in favor of plaintiff for $194.77, defendant brings error.

HARRY H. FELGAR, for plaintiffs in error.

EASTMAN & WHITE, for defendant in error; RALPH R. HAWXHURST, of counsel.

MR. PRESIDING JUSTICE F. A. SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of merits insufficient.* In an action for money due for goods sold and delivered, affidavit of merits *held* not to show an agreement to extend time for payment so as to constitute a defense where it does not show facts as to the extension of time for payment and does not state for how long the extension was made, but sets up an indefinite arrangement to pay out of the profits.

2. MUNICIPAL COURT OF CHICAGO, § 19*—*when default judgment may be entered for full amount of plaintiff's claim.* Judgment by default, when affidavit of merits stricken may be entered for full amount of plaintiff's claim without requiring the damages to be assessed by a jury, even though an appearance has been filed and a jury demanded.

---

Benjamin G. Elser, Defendant in Error, v. Henry L. Hughes, Plaintiff in Error.

Gen. No. 18,538.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 4, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

## Statement of the Case.

Action by Benjamin G. Elser against Henry L. Hughes to recover commissions for the sale of real estate. From a judgment in favor of plaintiff, defendant brings error.

GEORGE E. DAWSON, for plaintiff in error.

HOYNE, O'CONNOR & IRWIN, for defendant in error; CARL J. APPELL, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 37*—*when broker is procuring cause of sale.* In an action to recover commissions for the sale of real estate, where the plaintiff procured a purchaser who made an offer which the owner declined to accept and the owner afterwards through another closed the deal on the terms of the offer, evidence *held* to justify a finding that plaintiff was the procuring cause of the sale.

2. BROKERS, § 67*—*when part payment of commissions by check, not an accord and satisfaction.* Finding that broker's acceptance of a check given for commissions stating on its face "In full of all demands" did not constitute an accord and satisfaction, *held* sustained by the evidence where the evidence showed a concealment by the owner as to whom he sold the property and indicated bad faith and an intention on the part of the owner to deprive the broker of his commission.

Frank Orminski, Defendant in Error, v. Takla Kania, Plaintiff in Error.

### Gen. No. 18,576.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 4, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.